no matter under advisement and call our next case United States versus Kuni 11-3267 Ms. Koch and Ms. Sadlowski. Take your time, no hurry. Good afternoon, may it please the court, my name is Lori Koch and I represent the I would like to reserve with the court's permission three minutes for rebuttal. Let's start on the authentication device. If you have a document and it has on it an expiration date and the expiration date has expired usually means that documents no longer valid, is no longer in play, is that correct? Well, I would agree with that except that, well, I will agree with that, but I don't believe that was the question that the court had to address in this particular case, whether, and in fact the court did talk about whether this was, whether the ID was, quote, real and it was a representation that he was, quote, currently enrolled, but the question that has to- This was at Burlington County College? Burlington County Community College ID. But the question that the court should have focused on is not whether it was a current ID or valid, and in fact I should say that this, the ID in this case had genuinely been issued by Burlington County Community College. It was issued in 2001, and in this case, Defendant Cooney changed the expiration date to make it appear as if it was still a valid ID. He wrote in with an ink pen, he wrote a number one over the zero. So somebody looking at that, if they didn't look carefully to see that there was a modification done manually, might accept it, but if it was correct, in other words, if it was still 2001, someone looking at that probably would immediately say, wait a minute, this is 10 years old, this can't be valid. So isn't that a way for, let's say, a guard to authenticate that this is a valid ID? It may be a way for a guard to authenticate whether it's a valid ID, but the question that the court had to answer, remember that here the court is applying a specific guideline enhancement, and the enhancement, in order for it to apply, meant that the government had to prove or convince the court that Cooney used an, quote, authentication feature. And their authentication feature is defined very specifically in the statute, 1028A, I'm sorry. It could be a sequence of numbers, among other things. It means any hologram watermark certification, and yes, relevant to this appeal, sequence of numbers, letters, or other feature that either individually or in combination with another feature is used by the issuing authority, so not necessarily the guard, but by the issuing authority on an identification document to determine if the document is counterfeit, altered, or otherwise falsified. But the issuing authority here puts on a date that says, after this date, it's no longer valid. It's like your license plate, if you haven't renewed. Your ability to drive with a valid license plate is no longer the case if that license  So in this case, it's kind of hard to say it's not a way to authenticate. If authenticate means to prove or show that something X or Y is valid. Well, the way that I see that the case law has interpreted an authentication feature is that it applies it to the cases that have dealt with the issue, have applied it to things that are unique to the issuing authority, that relate back to the issuing authority, and that are probably more sophisticated than what was done by the defendant in this case. So, for example, there are cases, United States v. Baker and United States v. Jenkins-Watt, an Eighth Circuit case, a D.C. Circuit case, and in both those cases, the courts were involved with defendants who had created counterfeits. Let me ask this question now. Let me ask this question. It seems to me, you know, you're trying to differentiate between something that Judge Ambrose calls, say, you know, whether it's valid or not, as a different question than whether something is authentic. And under the statute we just read, the purpose of this sequence of numbers here is to determine if the document is counterfeit, right? If the purpose of putting that feature on the ID card is to help the college determine whether it's counterfeit, then I think it would be an authentication device. So my question is, one, first of all, the card, without any alteration, is not counterfeit, right? Do you agree with that? I agree with that. So the question is, does changing the date make it a counterfeit? Well, and... You think it does? Yes, I do. And that is what Mr. Cooney pled guilty to. He pled guilty to violating 1028 by using a false identification document. Well, then if changing the date makes it a counterfeit, isn't it an authentication device because it's a sequence of numbers that helps to determine if it's counterfeit? No. If you just said it's counterfeit, once you change the numbers, that makes it counterfeit. But I don't believe that using a counterfeit document also means that you have subjected yourself to this additional punishment of the enhancement, which basically doubled his offense level. It took his offense level from 6 to 12. The guideline... Well, let me ask you another similar question, say, just addressing myself to either a sequence of numbers or a sequence of letters on a document, all right? Now, suppose I have a check, you know, made out to, say, Thomas Ambrose, all right? I hope it's big. And I... He's a... And I change the letters on it, all right? The sequence of letters from T-H-O-M-S, so forth, right to my name. Now, does that make it a counterfeit check? Because I... The sequence of... Is that a sequence of letters that helps to determine if the document is counterfeit? I'm sorry, are you... The name of the payee on the check? Okay. I think that makes it a counterfeit check, yes. But that does not... That is not an authentication feature. Well, then what is the purpose of the sequence of letters? Doesn't it come right within the definition? It's a sequence of letters that helps determine if the document is counterfeit, according to your use of the term counterfeit? No, because I think under the definition, it has a more particular definition than that. And it has to be a sequence of numbers that is used by the issuing authority to determine if the document is counterfeit or... But the bank uses it for... It looks at checks, well, this is counterfeit. Okay, but in this particular case, the court posited a hypothetical and said, a Burlington County police officer sees somebody on campus, looks at this ID, calls the registrar, and the registrar says, well, we don't know what the registrar would say. There was no proof that this ever happened. But the court's hypothetical was that the college should be able to tell the police officer that no, Jamie Shepard is not currently registered here. But that's not what's required to decide whether an authentication feature is part of the sentencing process in the case. Let me ask you a question that follows up on this. So you would agree, for instance, that an ABA number at the bottom of a check is an authentication feature? I agree. And I think the case law agrees that routing numbers are typically something that a bank can say, oh, yes, this is our, it's associated with our institution, the New York branch, yes. Okay. But so the follow-up, I think, of my two colleagues is, what's the difference between a bank producing a routing number on a check, right, and the community college producing the expiration date on the card? Well, because. And they'll jump in if I'm wrong, of where their questions are headed. I think this is the direction it's headed. Why one and why no in the other? Yeah, and I think that's the crux of what was concerning Judge Hillman. And what I wish I could have successfully pointed out was that an expiration date is not something that's unique. It changes all the time. First of all, there was no record evidence in this case how or when the college used or set its expiration dates. But why would you say that it's not unique? Because with regard to every card. It's not unique to the issuing authority. Well, I'm going to ask a question that I think challenges that. Maybe it won't. But if you think of BCC as the issuing authority, right, every card that is issued, right, every student, there's only one. Presumably there's only one Jamie Shepherd. There's only one Joe Greenaway if I went there, et cetera. Each of those cards that they issue has a unique expiration date. Why isn't the analogy applicable then? Because there's only one card that they issue per year that is the combination of name and date. Well, first I would challenge that assumption. I don't think there was any proof that any particular expiration date was assigned or even how they did that. And, in fact, it's the government's burden to prove that the enhancement should apply. And what the government did was cite to the Burlington County College website. And if one actually followed the citation, it was to a part of the student rights handbook which required each student to have their ID validated every semester at the public safety office. What does that mean, validated? Well, good question. How do you get it validated? It doesn't. The website didn't tell you that. There was no evidence offered by the government as to how Burlington County validates its IDs. My question really is, is it validated by stamping some authentication feature on there? Well, and if it was, let's say, for example, that a colored sticker for every semester, a different colored sticker was used to validate current enrollment status. If Mr. Cooney had come up with an orange sticker or any colored sticker and put that on the card, I think I would have a much harder argument because that is an authentication feature. That is a specific device. What the guideline says is, and I'm reading from 2B1.110A, if the offense involved, A, the possession or use of any one device-making equipment, okay, that wasn't this case, or two, authentication feature. And so the court then went to say that, well, it makes common sense that an expiration date is, I'm just looking for the language here, that an expiration date would be a sequence of numbers or letters that would allow the issuing authority to determine if it's real. A simple phone call from a police officer stopping a student to the registrar, is there a person named Jamie Shepard enrolled today, would allow the officer to determine whether the identification document was real. And I'm saying that that question missed the issue. Does real mean authentic? I don't think it means if it's different than whether the document was counterfeit, altered, or otherwise falsified. By the way, Maria, I want you to add three more minutes. Three. It seems, I thought what you were going to say is that, in effect, by nature of what he pled to, that that takes into account the alteration of the date. Yes. And therefore, it's baked in the cake, and it's just, it's double dipping. Double counting. Or double counting, if you will, by adding this six level enhancement. Yes, that's exactly what I'm saying. He pled guilty to violating 1028 by using, and there's three prongs to that statute, an identification document, an authentication feature, or a false identification document. And he pled guilty to the last prong of that, to false identification document. Now, you realize the argument on the other side is that he doctored a document to bring it up to current time, but that Burlington Community College ID was counterfeit. Well. Did he attend Burlington County Community College in 01? He did. For how long? Oh, I think from 2000 to 2001. Okay. And I think even the government would agree that that was a genuinely issued Burlington County ID card, but it was altered. But my argument is that it was not altered by the use of an authentication feature. Well, you know, let me ask you more question about, say, principles. I mean, how would you define the term authentication feature under the guidelines? So, you know, there could be a bright line between whatever is on a piece of paper that is not an authentication feature and what is not an authentication feature. I'm sorry, I didn't hear that part. There could be a bright line? I mean, this definition in the statute is not very helpful. How would you define authentication feature so somebody could make sense of it? Well, I like the… I mean, according to the way you think it should be interpreted. Well, I think that the case law that has decided so far has done a pretty good job of applying the definition, although I agree it's not a very well-written definition. But in the case of Elmar Doody, there were blank I-94 immigration documents, and those documents had stamped on them, U.S. Immigration, New York, New York 2516. And that code, 2516, was something that allowed the issuing authority to say, oh, yes, there is an office, and that's the code we use, sort of our secret code for how we know that that's a genuine office. And so the person, by falsifying that information on the form, that was what was considered an authentication feature. Same thing with the… It's sort of like the bank transit number, isn't it? The bank routing number, yes, or bank account numbers. Or, again, the holograms on the driver's licenses, those are difficult to replicate. And I think the legislative… I see my time is up, but I would also urge the Court to consider the legislative history. Before you sit down, let's assume you're right. And let's assume that under the right case from our court last year, that on step one of the Gunter analysis, it was incorrect and you normally would send it back. But then you've got here a judge that's saying very clearly and with reasons, even if I am wrong. This is on pages of appendix 244 and 247. Even if I am wrong, because I believe that this deserves more punishment. I believe that there needs to be deterrence. I believe that what he did here was egregious. In effect, bringing into play some of the 3553A factors that he otherwise would, even if we were at level six or eight and at criminal history six, he said, forget the 12 to 18 months if we were down there. I'm going to go to 36 months. And if he did that, I don't think, with the discretion that's now given to district judges, I don't think there's a whole lot we could do. Well, Your Honor, I respectfully disagree. Because I think if the judge was told that this specific enhancement did not apply, that he would have to work from the range of 12 to 18 months. And I believe that he would do that. The problem is the difference between this case and Wright. And what? And Wright, the 2011 case from our court. Okay. That said that, yeah, if you make a mistake, you say, well, even if it's a mistake on the calculation, I would still sentence you to this, what I'm giving you now, in terms of a sentence. But here, the judge gave at least three or four specific reasons, unlike what was done in Wright. And is saying, here's what, you have such a track record, level six of criminal history, 12 to 18 months doesn't even begin to do it, is in effect what he's saying. Even if I was down there, at that range. You get 36 months. And in addition, I think, you know, part of the back story may be, he's looking at what he believes the individual was trying to get the information for. And is saying, this ain't good. Well, Your Honor, I agree that the court was speculating about what could have happened. And I obviously do not believe that the court should be able to punish Mr. Cooney for things that did not happen, but that he was afraid would happen, number one. But number two, under the jurisprudence of this court. What did happen was, he was posing, or he got on as a census taker, by use of documents that don't have his real name. And he pled to an ID that no longer existed. And what they found was that he had previously been convicted of crimes involving... A sex offense. Yeah, a sex offender for girls under 18. And most of the names that he had that they found were girls between 8 and 18. And, you know, you can see how that could be rather scary in the community and rather alarming to a sentencing judge. Your Honor, I do want to point out that, interestingly, Mr. Cooney was convicted of the sex offense under the name Jamie Shepherd. So that makes it all the more puzzling why the government hadn't determined who he was long before he ever began working for them. But putting that aside, I think there's a procedure that the Third Circuit has made clear in the Smalley case, in the Langford case, that the court has to properly calculate the guideline range without the enhancement and then say, well, in this case, now I believe a two-fold enhancement or upward variances. And let's assume you're right. Let's take this for the purpose of hypotheticals. Let's just assume, in fact, it's a constitutional violation, which, of course, it isn't. Which, of course, is miscalculation of step one. Let's just assume it's a constitutional violation. We have found that constitutional violations can nonetheless be harmless. And in this case, it almost seems like even if you were to win, any victory would be PYRIC, all caps, because he's going to get the same sentence no matter what. Well, I think there are a number of reasons to send the case back, even if that's true. And I'm not sure that's true. Mr. Cooney has served 28 months of the 36-month sentence. Quick acting by this court and by the district court below in having him resentenced could save him from a number of months. It could save him from the term of supervised release that he has to serve. That's if the district court were to have a complete change of heart and say, okay, they said I was wrong with respect to the calculation. I'm still saying it's 36 months. I said what I meant, and I meant what I said. I also believe it would be important for this court to send a message that the courts and the parties need to be a little more careful when applying a definition, especially in a case where the outcome is so significant. We're not talking only a two-level difference here. What the court did was double his base offense level. And then added two points for the obstruction of justice. Right, and it also, by doubling the offense level, more than doubled the advisory guideline range. It went from 12 to 18 months to 30 to 37 months. And that's a significant error, and I don't think that that could ever be deemed harmless error. Let's hear from Ms. Zydlowski, and we'll get back to the panel. Thank you. Thank you. May it please the Court, my name is Caroline Zydlowski. I represent the United States. Is there a difference between an expiration date that signals an ID's validity and a hologram, for example, which is designed to show that a document is truly authentic, it's real? There is a difference between a hologram and an expiration date, literally. But the statute doesn't contain any language that says it needs to be a very difficult to reproduce authentication feature. It lists the kinds of authentication features which qualify under the statutory language, and it's very broad wording. Well, let me ask you, sticking to this ID card, is there anything on there that's not an identification feature? Everything on that card is an identification feature? Could be considered an authentication feature, in other words? Yeah. Some things seem to fall more under the means of identification, not the expiration date, but perhaps the name of the person and their social security number. Well, my question is, the way you're defining identification feature, isn't every letter, number, symbol on that card an identification feature? It depends on whether the issuing authority produces it. Well, my question is, on this card, the question has to be yes or no. Is it? Everything on there is an identification feature? There's nothing that's not? Well, I think there are some things that are better defined under the statutory language as a means of identification. You keep evading my question. I think no is the answer. I mean, I think something like someone's name is defined under the statute as a means of identification. I mean, perhaps if you read it in its most broad interpretation, it could include someone's name, if that's what the university would rely on, if they were trying to check whether this was authentic, under the example that the district court provided. But really, under the statute, I think the better understanding is that someone's name is a means of identification. Someone's social security number, unique to them, is a means of identification. But it is possible that an institution would create an ID where they checked whether it was counterfeit by looking at someone's name in conjunction with other features, because that is also the language of the statute, that if you use the feature in conjunction with other features to determine if it is counterfeit or if it's been altered, then that would be an authentication feature. When Mr. Cooney pled to a counterfeit charge, the counterfeit, what was the element that made this counterfeit? Well, he pled to the charge that he used a false name and a false expiration date, and he pled in the alternative. So it is possible that he used a false authentication feature. The indictment is written, so he used a false identification. But if, for example, he pled to use of a counterfeit item because of the expiration date, then back to my point with your colleague on the other side, that would seem to be part and parcel of the actual charge to which he pled guilty, and it wouldn't make any sense to add an enhancement to that which is right in the charge anyway. An enhancement usually is something that is an add-on because of something else that occurred in addition to the bare bones of the violation to which the person pled. I think there's two parts of my answer to that. One is that his name was false on this in addition to his expiration date. Yeah, that's what I thought your answer was going to be. And then in addition, it is conceivable that you could plead guilty to use of a fraudulent ID, but your fraudulent ID, you would not commit the more serious conduct of using an ID with an authentication feature on it. And I don't know. My understanding is that what Mr. Cooney did is that he took home the ID, copied it on his computer, typed the different number of the expiration date, and re-laminated it, literally reproduced a new ID, and reproduced all the authentication features that could be considered to be on the document. And in doing so, he did a more serious thing than just presenting a false identification because he made it more difficult to detect what he had done by altering the thing the university would use and making it difficult to see that he had done so by altering the thing the university would use to detect whether this was an authentic document. Could you address the right case? Because the right case seems to say, look, we don't really necessarily want to do this, but if you, at step one, in terms of the calculation of the sentence under the guidelines, which is then plugged into step three, under 3553, I guess, A4, then, sorry, but we've got to send this back. I mean, you've got to start with apples and apples, you know, measuring apples, rather than something that is so significantly higher than what it otherwise would be. It's procedural. Yes, you may end up substantively at the same area, but this is procedural. You messed up, and it has to go back for a redo, if you will. Why isn't this case just like that? Because in Wright, the court summarily said, I would have done the same thing and gave no additional justification at all. Here, it was both perfectly clear what the alternative guidelines range would have been. The court went through a very careful calculation of the guidelines range at each step originally, and then when it was applying its alternative sentence, it took out the six levels, but everybody in the courtroom understood what the alternative guidelines range was. But the most significant thing the court did, which is different than Wright, and it's different than Smalley, which Wright was citing, was that it gave this extensive justification, which the defendant has not shown in any way to be insufficient or unreasonable. And this justification that the court gave distinguishes it from Wright and means that what the court has done here is allowed this court to understand its reasoning, which is really what this court is concerned about. Aren't you arguing for like a harmless error exception? To the requirement that, you know, as a foundational element of the sentencing, the district court has to procedurally, correctly determine what the guideline range is. But here, I don't believe that the court didn't determine the guidelines range. I believe the court didn't state the guidelines range, but it calculated the guidelines range and understood what it was and just didn't state it out loud on the record, the new guidelines range. No, but aren't you still arguing, even if the district court was mistaken, that the record is, you know, so overwhelming in this case that there should be like a harmless error exception to that requirement? In this limited circumstance, yes, where the district judge clearly understood what the guidelines range was, as did the parties, and this court has no doubt about what the alternative guidelines range was. There's no ambiguity about what he would have done if it was handed back to him without this enhancement. And then because the judge said, you know, here are the, I'm going to sentence pursuant to the statutory factors ultimately, not the guidelines range. You don't think that would be contrary to the direction and goal about the necessity for correctly computing the applicable guideline range? I think the court did correctly compute the guidelines range, and I don't think in reviewing this sentence that this court can have, needn't have any concern that the court didn't correctly compute the guidelines range. It didn't create some ambiguity in the record about whether it would have done this guideline range or that guideline range. It was very clear in saying, I'm taking six levels off. I'm still coming to the same conclusion. So this court can rest assured that it did correctly apply step one of the required sentencing analysis. Could you touch on the obstruction of justice two-level upgrade? I mean, the person has a right to, the police didn't handle themselves perfectly here. They go into a house, and they don't secure it at all. Yes, Your Honor. The friend of Mr. Cooney, she and her husband go over, and anyone could have walked in. And he has a right to make sure his house is secure, does he not? Yes. But the facts of this case show that he already understood from his conversations with his friend that she had secured the house. On 5-11, she confirmed to him, after he had instructed her on 5-9 to nail the door shut, she confirmed on 5-11 that she did that. And then on 5-13, she says, keep the police out. And the district court judge is entitled to infer that what he meant when he was doing that wasn't just keep them out from wandering in or doing something illegal, but keep them out in a way that is obstructive and is meant to conceal evidence. And the district court's inference, while perhaps you could reach another inference yourselves, is entitled to deference as long as it's not devoid of minimum evidentiary support. And here, the evidence in this case shows, and the court's listening to the person's conversations, all of them, or reading the person's conversations and listening to this conversation, and infers that he means two things, and that is not devoid of minimal evidentiary support. And he has a track record of obscuring his identity and making it difficult for the police to detect what he's done. I mean, he has 19 aliases that he's presented over the course of time when he interacts with police. So the court is looking at the overall picture, and I think this provides the minimum evidentiary support to support the court's inference that he wasn't just protecting his property. No further questions? Thank you very much. Thank you, Your Honor. Ms. Koch? As you're coming up, what about the argument that he pled guilty to an ID theft? So he stated that he was Jamie Shepard, and he's not. And the court can then say that that ID that said Jamie Shepard would have been tossed out from the get-go if it had a correct expiration date. But he altered that so it was no longer correct, and therefore that is ID theft plus something else. What's wrong with that in terms of enhancement? I'm not sure I understand the question. In other words, that what he pled to was claiming that he was Jamie Shepard, but he's not. Okay. And that taking the document that he presented in order to be, among other things, to be allowed to be a census taker was a document that was modified in a way to help him along with his scheme, and therefore there can be an enhancement in this particular case because without the correct expiration date, no one looking at that ID would have believed it to be real. Okay. Well, first of all, I disagree with the government's assertion that he pled in the alternative, and what I would say is that he pled guilty to violating three 1001 counts by making false statements. Those false statements were the name Jamie Shepard and were the false birth date of 72 rather than his true date of 62. That was part of the factual basis you mean for the guilty plea? Correct. I mean both grounds? No, no, no. On counts one, two, three, there were separate factual grounds that met the elements of those statutes. But as to the 1028 count, which was count 13, he gave a very specific factual allocution, and that was he pled only to having altered the expiration date, and that's in the appendix at page 84, where the court specifically asked about the 1028 count, which focused on the Burlington County ID with the expiration date of 9-20-2011, and the sole basis for having violated the 1028 statute was having added the expiration date onto the Burlington County Community College card without the approval or knowledge of Burlington County. And that was the sole basis for the 1028 count. I also would like to point out. Give me the transcript page number again. 84. 84? 84. And I would also reference appendix at 33, which is the factual stipulations that he pled guilty to in the plea agreement, which was to have presented a false Burlington County ID. And I can read the exact stipulation. Frank Cooney presented a false and fraudulent Burlington County College identification card in the name of Jamie Shepard with an expiration date of 9-20-2011. Now, what does that mean? Does that mean then that the false expiration date was an element of the underlying charge to which he pled guilty? Is that right? I mean, that's what made it false? Yes, the expiration date. And, in fact, when this court reads Judge Hillman's ruling, you can tell he is solely focused on the expiration date. It wasn't considered by him that Jamie Shepard was possibly an authentication feature, which perhaps could be another argument, but that was not the focus of his decision. And I would also dispute that the name Jamie Shepard is a sequence of letters that is used by the In this case, they genuinely had issued an identification card in the name Jamie Shepard. That's how he was enrolled there. But he did admit to what he did do, which was falsifying the expiration date. Thank you very much. Thank you to both counsel for a well-argued case.